**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Newman Salem, | ) | No. 12-CV-8010-PCT-PGR (LOA) |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Charles L. Ryan, et. al., | ) | |
| Respondents. | ) | |

Before the Court is Magistrate Judge Lawrence Anderson's Report and Recommendation advising this Court that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) pursuant to U.S.C. § 2254 be denied and dismissed with prejudice. (Doc. 21). Petitioner has filed objections to the Report and Recommendation. (Doc. 23.)

When reviewing a magistrate judge's Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Having reviewed the matter *de novo*, the Court will deny Petitioner's objections and affirm Magistrate Judge Anderson's Report and Recommendation.

**DISCUSSION**[1]

---

[1] Judge Anderson summarizes the factual and procedural background of the case in his Report and Recommendation. (Doc. 21 at 1–4.)

In 2007 a jury convicted Petitioner of seven counts of aggravated assault against a peace officer, among other counts arising from a confrontation between Petitioner and Sedona police officers on March 6, 2006. (Doc. 12, Ex. A.) Petitioner was sentenced as a dangerous offender to 10 and a half years. (*Id.*)

Petitioner raises four grounds for relief in his habeas petition. (Doc. 1.) In Ground One, he alleges that he was denied the right to effective assistance of counsel when his attorney failed to timely disclose two mental health professionals, resulting in the preclusion of their testimony at trial. In Ground Two, Petitioner contends that preclusion of the testimony violated his right to present a complete defense. In Ground Three, Petitioner alleges that he was deprived of the right to a fair and impartial jury. In Ground Four, he alleges that his attorney provided ineffective assistance by failing to move to vacate Petitioner's convictions based on the alleged juror misconduct.

Review of these claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the Court may not grant habeas relief unless it concludes that the state court's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

With respect to Grounds One and Four, alleging ineffective assistance of counsel, the clearly established federal law is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show that counsel's performance was deficient, falling outside the wide range of professionally competent assistance, and prejudicial, so that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 690, 694. The combination of *Strickland* and AEDPA renders habeas review of ineffectiveness claims "doubly deferential." *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

- 2 -

The state post-conviction court denied Ground One as not colorable. The Report and Recommendation concluded that there was a reasonable basis for the state court to deny relief. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Specifically, Magistrate Judge Anderson found that Petitioner was not prejudiced by counsel's failure to disclose two witnesses who could have testified about his panic and anxiety disorders. The excluded witnesses were Patricia Paine, a psychotherapist and "Somatic Experiencing practitioner" (*see* Doc. 12, Ex. V at 34–35), who began treating Petitioner several weeks after his arrest, and Elizabeth Large, a "naturopathic physician" who had been romantically involved with Petitioner and was offered as a character witness (*see id.* at 65, 77).

Petitioner's defense at trial was that his struggle with the police officers was the involuntary result of a "flight or fight response" and that his failure to comply with officers' orders was the product of a panic attack. Magistrate Judge Anderson noted that Marian Diamond, a nurse practitioner who treated Petitioner from 2004–2006 and had prescribed medications to treat his depression and anxiety, testified at trial about his panic attacks and their effect on his ability to reason and make decisions. Petitioner himself testified that he was in the midst of a panic attack during his encounter with the officers, and trial counsel in his closing argument stated that Petitioner's reaction to the officers was the involuntary result of such an attack. The Report and Recommendation therefore concluded that no prejudice resulted from counsel's performance because the "excluded testimony would not have changed what the jury heard from Petitioner himself about what had occurred." (Doc. 21 at 13.)

In his objections, Petitioner argues that the excluded testimony was prejudicial because only Ms. Paine could have offered expert testimony on panic and anxiety disorders and only Large had actually treated Petitioner for such disorders. (Doc. 23 at 2.) The Court agrees with Magistrate Judge Anderson, however, that there was not a reasonable probability of a different verdict had the jury heard the excluded testimony. Notwithstanding Petitioner's objections, the excluded testimony was cumulative of the evidence that was presented by

Diamond, who had treated Petitioner for his anxiety disorder, and Petitioner, who testified about his mental state at the time of the offenses. Applying the additional level of deference required by the AEDPA, the Court finds there is a reasonable basis for the state court's application of *Strickland*. *See Richter*, 131 S. Ct. at 786; 28 U.S.C. § 2254(d).

In Ground Two, Petitioner alleges that the trial court's exclusion of Ms. Paine as a witness violated Petitioner's right to present a complete defense and that the Arizona Court of Appeals' decision upholding the exclusion was contrary to and an unreasonable application of *Taylor v. Illinois*, 484 U.S. 400, 414 (1988). As noted, the trial court excluded Ms. Paine's testimony as a sanction for the defense's untimely disclosure. The court of appeals affirmed, applying state law and agreeing with the trial court's determination that Ms. Paine's testimony was not vital and that the late disclosure was motivated by bad faith. (Doc. 12, Ex. E.) Magistrate Judge Anderson found that the court of appeals' decision was consistent with *Taylor*, which set out a number considerations to take into account when deciding whether preclusion of an undisclosed witness is an appropriate sanction. The Court agrees with the Report and Recommendation that the court of appeals balanced these factors in a manner that was neither contrary to nor an unreasonable application of *Taylor*.

In Ground Three, Petitioner claims that he was denied his right to a fair and impartial jury pursuant to *Smith v. Phillips*, 455 U.S. 209 (1982), and *Irwin v. Dowd*, 366 U.S. 717 (1961). The claim is based on information obtained from a juror, Carol Del Grande, that one of her fellow jurors was rude and bullying and had claimed to be a former police officer, a fact he did not disclose during voir dire.[2] Petitioner raised this claim during post-conviction proceedings and it was summarily denied. Magistrate Judge Anderson concluded that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. The Court agrees.

---

[2] Del Grande provided this information to Petitioner's counsel at the sentencing hearing. After receiving the information, counsel requested an in chambers meeting. The judge refused and proceeded with sentencing

- 4 -

In *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984), the Supreme Court held that where a petitioner claims a juror failed to disclose information relevant to bias or prejudice, the petitioner "must first demonstrate that [the] juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." Petitioner did not make such a showing. Despite authorization from the trial court to interview every juror, Petitioner presented information only from Del Grande. In addition, as Magistrate Judge Anderson noted, the information provided by Del Grande was ambiguous, both with respect to the other juror's claims about having been a police officer and the effect of the juror's rudeness and bullying on the deliberation process. (*See* Doc. 21 at 21.)

Based on this record, Petitioner has failed to support his allegation that a juror committed misconduct by failing to answer a *voir dire* question honestly. Petitioner has not shown that the state court's denial of this claim was contrary to or an unreasonable application of *Smith*, *Irwin*, or *McDonough Power Equipment*.

In Ground Four, Petitioner claims that trial counsel was ineffective for failing to move to vacate Petitioner's convictions based on the alleged juror misconduct. The state post-conviction court ruled that Petitioner failed to state a colorable claim. This ruling was neither contrary to nor an unreasonable application of *Strickland*. The Court agrees with Magistrate Judge Anderson that Petitioner, having failed to make a showing of juror misconduct, cannot establish that he was prejudiced by counsel's handling of the issue. *See, e.g.*, *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (explaining that failure to raise a meritless issue is not prejudicial).

Finally, the Court agrees with Magistrate Judge Anderson that Petitioner is not entitled to an evidentiary hearing. *See Pinholster*, 131 S. Ct. at 1398 (holding that review under 2254(d)(1) is limited to the state court record); *see also Pizzuto v. Blades*, --- F.3d ----, 2013 WL 4779679, at *2 ("If the state court's adjudication of a claim survives review under § 2254(d), that ends our analysis.").

- 5 -

## CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that the Court adopts Magistrate Judge Anderson's Report and Recommendation (Doc. 21).

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED and this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED granting Petitioner's Motion for Extend Deadline to Respond to Report and Recommendation (Doc. 22).

DATED this 9th day of October, 2013.

Paul G. Rosenblatt
United States District Judge